UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARDEANA Q. ELLIS,<br><br>          Plaintiff,<br><br>   v.<br><br>SMITHKLINE BEECHAM CORP., d/b/a GLAXOSMITHKLINE,<br><br>          Defendant. | CASE NO. C08-5691BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT |

This matter comes before the Court on Defendant's Motion to Dismiss Complaint (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

**A.    The Parties' Relationship**

Plaintiff was employed by Defendant from December 6, 1999 to August 12, 2007. Dkt. 1 ("Complaint"), ¶ 10. Defendant claims that Plaintiff's employment was terminated on September 7, 2007. Dkt. 7 at 2.

**B.    Previous Action**

On June 15, 2007, Plaintiff filed a complaint against Defendant alleging that various violations occurred during her almost eight years of employment with Defendant. *Ardeana Q. Ellis v. Smithkline Beecham Corp., d/b/a GlaxoSmithKline*, United States

ORDER - 1

1 District Court for the Western District of Washington at Tacoma, Case No.
2 C07-5302-RJB (hereafter "*Ellis One*"), Dkt. 1. On September 13, 2007, Plaintiff moved
3 for a temporary restraining order and requested that "Defendant be temporarily restrained
4 from terminating Plaintiff's employment pending final adjudication of the merits of the
5 Complaint." *Id.*, Dkt. 28 at 2. On September 28, 2007, the Honorable Robert J. Bryan
6 denied Plaintiff's motion for a temporary restraining order. *Id.*, Dkt. 43. Judge Bryan
7 instructed Plaintiff that if she "prevails on the merits at trial, she will then have the
8 opportunity to seek damages to recover any losses suffered due to her employment
9 termination." *Id.* at 3.

On January 7, 2008, Plaintiff filed a Second Amended Complaint. *Ellis One*, Dkt. 61. In that complaint, Plaintiff alleged the following eleven causes of action:

    1. petition for injunction;

    2. harassment from 6/15/01 to 6/15/07 pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), RCW 49.60.030, RCW 49.44.090, RCW 49.60.180, and RCW 49.60.210;

    3. racial discrimination from 6/15/01 to 6/15/07 pursuant to 42 U.S.C. § 1981, Title VII, Civil Rights Act of 1991, and RCW 49.60.030, RCW 49.44.090, RCW 49.60.180, and RCW 49.60.210;

    4. gender discrimination from 6/15/01 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, Equal Pay Act of 1963, RCW 49.60.030, RCW 49.44.090, and RCW 49.60.180;

    5. age discrimination from 7/23/05 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, ADEA, RCW 49.44.090, and RCW 49.60.180;

    6. retaliation for opposing unlawful employment practices from 6/15/01 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, ADEA, and RCW 49.60.210;

    7. hostile work environment from 6/15/01 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, and ADEA;

    8. tortuous interference with present and prospective employment relationships from 6/15/01 to 6/15/07 pursuant to Title VII and the Civil Rights Act of 1991;

    9. breach of contractual obligations from 6/15/01 to 6/15/07 pursuant to 42 U.S.C. § 1981, Title VII, Civil Rights Act of 1991, U.C.C. § 1-304, et. seq., ADEA, and RCW 5.40.050;

10. intentional or negligent infliction of emotional distress from 6/15/01 to 6/15/07 pursuant to Title VII and Civil Rights Act of 1991; and

            11. unequal pay from 6/15/01 to 6/15/07 pursuant to Title VII, ADEA, Equal Pay Act of 1963, RCW 49.60.180, and RCW 49.44.090.

*Id*. at 9-17.

On June 10 , 2008, Defendant filed a Motion for Summary Judgment. *Id*., Dkt. 93. On August 5, 2008, Judge Bryan granted Defendant's motion and dismissed all of Plaintiff's claims. *Id*., Dkts. 117 and 118. On August 6, 2008, Plaintiff filed a Notice of Appeal. *Id*. Dkt. 119.

**C.    Current Action**

On November 18, 2008, Plaintiff filed a complaint alleging that Defendant retaliated against her and wrongfully terminated her. Complaint, ¶ 1. Specifically, Plaintiff asserts six causes of action as follows:

   1. By subjecting Plaintiff to adverse action shortly after Plaintiff opposed what she believed was Defendant's discriminatory action, Defendant has violated 42 U.S.C. § 1981.

   2. By subjecting Plaintiff to adverse action shortly after Plaintiff opposed what she believed was Defendant's discriminatory action, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

   3. By subjecting Plaintiff to adverse action shortly after Plaintiff opposed what she believed was Defendant's discriminatory action, Defendant has violated the Age Discrimination and Employment Act of 1967.

   4. By subjecting Plaintiff to adverse action shortly after Plaintiff opposed what she believed was Defendant's discriminatory action, Defendant has violated the Equal Pay Act of 1963.

   5. By subjecting Plaintiff to adverse action shortly after Plaintiff opposed what she believed was Defendant's discriminatory action, Defendant has violated the American with Disabilities Act of 1990.

   6. By subjecting Plaintiff to adverse action shortly after Plaintiff opposed what she believed was Defendant's discriminatory action, Defendant has violated the Washington Law Against Discrimination (49.60.210(1)).

*Id*. ¶¶ 28, 30, 32, 34, 36, 38. Defendant has not filed an answer.

ORDER - 3

1   On January 28, 2009, Defendant filed a Motion to Dismiss Complaint. Dkt. 7. On February, 16, 2009, Plaintiff responded. Dkt. 8. On February 19, 2009, Defendant replied. Dkt. 9. On February 26, 2009, Plaintiff filed a surreply and requested that the Court strike material from Defendant's reply. Dkt. 10.

## II. DISCUSSION

### A. Plaintiff's Motion to Strike

Plaintiff requests that the Court strike various arguments in Defendant's reply brief. Dkt. 10 at 1-3. The fact that Plaintiff may disagree with Defendant's arguments is not a sufficient reason to strike this material from Defendant's brief. Therefore, the Court denies Plaintiff's motion.

### B. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata. Dkt. 7 at 5-9. Plaintiff counters that this cause of action stems from an entirely different set of circumstances than those that were alleged in *Ellis One*. Dkt. 8 at 5-6.

An action is barred pursuant to the doctrine of res judicata "when the earlier suit: (1) reached a final judgment on the merits; (2) involved the same cause of action or claim; and (3) involved identical parties or privies." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 963 (9th Cir. 2006) (citing *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

In this case, Plaintiff does not contest element three as the parties in this action are identical to the parties in *Ellis One*. Plaintiff does, however, contest whether Judge Bryan entered final judgment in *Ellis One* and whether *Ellis One* involved the same causes of action or claims that are alleged in this action.

#### 1. Final Judgment

Plaintiff argues that Judge Bryan did not dismiss her claims either with prejudice or on the merits. Dkt. 8 at 9-10. Plaintiff concludes that Judge Bryan's decision was not a final judgment on the merits. *Id*. Judge Bryan's decision granting summary judgment for Defendant reached the merits of every claim that Plaintiff asserted in *Ellis One*. *See*

*Ellis One*, Dkt. 117. Therefore, Plaintiff's arguments are misplaced and Defendant has shown that the first element of res judicata has been met.

### 2. Same Cause of Action or Claim

"Identity of claims exists when two suits arise from the same transactional nucleus of facts." *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 770 (9th Cir. 2003). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)). Moreover, "[i]t is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998) (citing *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987)).

In this case, Plaintiff asserts six causes of action based on allegations that Defendant retaliated against her and wrongfully terminated her. Specifically, Plaintiff alleges that Defendant retaliated against her for filing the complaint in *Ellis One* and for filing internal grievances that Plaintiff claims opposed unlawful employment practices. Complaint, ¶¶ 17-26. Although not expressly stated, Plaintiff seems to limit the facts that support these causes of action to the time period of June 15, 2007 (the date she filed the complaint in *Ellis One*) to September 12, 2007 (the date Defendant terminated her employment). Plaintiff argues that these causes of action are different from those that she asserted in *Ellis One* because the claims in *Ellis One* were limited to facts that occurred in the time period of June 15, 2001 to June 15, 2006. Dkt. 8 at 5-6. Plaintiff's selective separation of facts and causes of action shows only that this Court and Judge Bryan were presented with different matters. But, the existence of separate causes of action does not overcome the bar of res judicata.

In fact, "the doctrine of res judicata bars the relitigation of all events which occurred prior to entry of judgment, and not just those acts that happened before the complaint was filed." *Monterey Plaza Hotel Ltd. Partnership v. Local 483 of Hotel Employees*, 215 F.3d 923, 928 (9th Cir. 2000). In *Ellis One*, Plaintiff filed an amended complaint after Defendant terminated her employment and after Judge Bryan denied her motion for a temporary restraining order in which she requested that Defendant be enjoined from terminating her employment. *See supra*. Plaintiff fails to explain how her current claims for retaliation and wrongful termination could not have been added to her amended complaint in *Ellis One*, which she filed nearly four months after Defendant terminated her employment. Thus, these claims could have been brought in *Ellis One*, *Barajas, supra*, and could have been conveniently tried together in *Ellis One*, *Ulloa, supra*.

Therefore, Defendant has shown that Plaintiff's claims in this action should have been brought with Plaintiff's claims in *Ellis One*. Because they were not brought in *Ellis One*, they are barred by the doctrine of res judicata.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Complaint (Dkt. 7) is **GRANTED** and Plaintiff's complaint is **DISMISSED**.

DATED this 6th day of March, 2009.

BENJAMIN H. SETTLE
United States District Judge